JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JENNIFER S WANG (CSBN 233155)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6967
    Facsimile: (415) 436-6748
    jennifer.s.wang@usdoj.gov

Attorneys for Federal Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL A. LOGWOOD,<br><br>    Plaintiff,<br><br>v.<br><br>PETER SPENCER,<br><br>    Defendant. | No. 08-2349 EMC<br><br>**FEDERAL DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>**(NOTICE OF MOTION IS MADE PENDING REASSIGNMENT OF ACTION TO UNITED STATES DISTRICT COURT JUDGE)**<br><br>Date: July 16, 2008<br>Time: 10:30 a.m.<br>Place: Courtroom C, 15th Floor |

## NOTICE OF MOTION AND MOTION

    PLEASE TAKE NOTICE that on July 16, 2008, at 10:30 a.m. in Courtroom C, located

on the 15th Floor of 450 Golden Gate Avenue, San Francisco, California, defendant Peter

Spencer, Regional Commissioner of Social Security for Region IX of the Social Security

Administration ("SSA")[1] will move this Court for an order dismissing the complaint for lack of

---

[1] By his complaint, plaintiff seeks recovery of alleged underpayment of social security benefits.
(*See* Compl. ¶ 3). The proper defendant in a lawsuit challenging underpayment of benefits is the
Commissioner of Social Security ("the Commissioner"), not the Regional Commissioner. *See* 42 U.S.C.

DEFS' MOT. TO DISMISS
C 08-2349 EMC

jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1).  On May 12, 2008, plaintiff

filed a declination to proceed before a United States Magistrate Judge.  Accordingly, defendant

expects that this case will be reassigned to a United States District Court Judge.   Defendant

will re-notice this motion for a new hearing date upon reassignment of the case.

This motion is based on this notice, the following memorandum of points and

authorities, the declaration of Maria Stella filed in support of the motion, the pleadings and

papers on file in this action, the reply, and such oral argument as the Court may permit.

### RELIEF SOUGHT

Defendant seeks an order dismissing the complaint without leave to amend.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**

Defendant moves to dismiss plaintiff's complaint without leave to amend.  Plaintiff

claims that the SSA failed to make four payments of Supplemental Security Income ("SSI")

benefits to him from 2006 to 2007.  Accordingly, the sole basis for the Court's subject matter

jurisdiction over plaintiff's claim is the Social Security Act ("the Act").  For all claims "arising

under" the Act, a plaintiff must obtain a final decision from the Commissioner of Social

Security ("Commissioner") as a prerequisite to federal court jurisdiction. This motion should be

granted because plaintiff has not exhausted his administrative remedies and obtained a final

decision from the Commissioner prior to filing this lawsuit.

**II.    ISSUES PRESENTED**

1. Does this Court have subject matter jurisdiction over plaintiff's claim challenging

underpayment of his SSI benefits where plaintiff has failed to exhaust his administrative

remedies under the Act?

///

///

---

§ 405(g), 20 C.F.R. §§ 416.1400, 416.1402.

DEFS' MOT. TO DISMISS
C 08-2349 EMC                                2

### III.    BACKGROUND

Plaintiff Michael A. Logwood applied for Social Security SSI benefits on March 16, 1988. (Declaration of Maria Sella In Support of Motion to Dismiss ("Stella Decl.") ¶ 5). Pursuant to 42 U.S.C. §§ 1381-1383f, subchapter XVI, SSA provides SSI for individuals who are 65 or over, blind, or disabled and meet certain income limitations. Plaintiff's application was approved, and he began receiving benefits 1988. (*Id.*). Between October 1988 and March 1997, plaintiff's benefits were suspended various times due to his confinement in public institutions. (*Id.*). On March 26, 1997, plaintiff filed an application for SSI benefits and was again approved for benefits.   (*Id.* ¶ 6).   Plaintiff has been receiving SSI continuously since around March 1997, and currently receives approximately $954 per month in SSI benefits. (*Id.*).

### A.  Plaintiff's Complaint

On or about April 7, 2008, plaintiff filed a complaint in the Small Claims Division of the Superior Court of California, County of San Francisco.  On May 7, 2008, defendant removed the complaint to federal court.

In his complaint, plaintiff appears to allege that SSA failed to pay him $3600 in SSI benefits. (*See* Compl. ¶ 3). Plaintiff alleges that he did not receive four SSI payments due to him in January 2006, February 2006, April 2007 and May 2007. (*Id.*). Plaintiff further alleges that he filed four appeals related to his failure to receive these payments. (*See* Compl. ¶ 4).

### B.  Plaintiff's Contact with SSA

On or about April 23, 2008, plaintiff complained to SSA representatives at SSA's Mission Office in San Francisco, California ("Mission Office"), alleging that SSA failed to provide him SSI benefits in January 2005, January 2006, February 2006, March 2006, January 2007 and February 2007. (Stella Decl. ¶ 7). Plaintiff did not advise SSA that he failed to receive SSI benefits payments in April 2007 and May 2007. (*Id.*). SSA representatives at the Mission Office explained to plaintiff that SSA had paid these benefits to him and requested

photocopies of the allegedly missing checks as proof of payment. (*Id.* ¶¶ 7-8). The Mission Office has not yet received the requested photocopies. (*Id.* ¶ 8).

Plaintiff has not filed a formal administrative claim with the Commissioner regarding the alleged underpayments in January 2005, January 2006, February 2006, March 2006, January 2007, February 2007, April 2007 or May 2007. (*Id.* ¶ 12).

Since January 2006, plaintiff has pursued the following administrative claims with SSA: first, plaintiff disputed an initial determination by the Commissioner that plaintiff had received double his October 2005 benefit by claiming to have lost his original check, and subsequently cashing both his original check and the replacement check provided by SSA. (*Id.* ¶ 13). On or about March 8, 2006, SSA denied his request for reconsideration. Plaintiff did not seek further administrative review. (*Id.*). Second, on or about March 30, 2006, plaintiff sought review by the SSA Appeals Council of a finding that SSA had not missed benefits payments to plaintiff in 2003 and 2004. (*Id.*). On or about May 25, 2006, the Appeals Council issued a decision affirming the ALJ's decision. (*Id.*). Third, on or about November 22, 2206, plaintiff sought reconsideration of an initial determination that SSA had properly sought to recoup overpayment of plaintiff's 2004 benefits. (*Id.*). Plaintiff's request for reconsideration was denied on or about January 24, 2007 as untimely, and plaintiff did not seek further administrative review. (*Id.*). Finally, on or about February 23, 2008, plaintiff sought reconsideration of an initial determination regarding overpayment of plaintiff's October 2007 benefits. (*Id.*). Because SSA had already approved plaintiff's request that SSA waive collection of this overpayment, plaintiff's request for reconsideration was dismissed on or about April 23, 2008; plaintiff has not sought further administrative review. (*Id.*).

## IV.    ARGUMENT

### A.    Legal Standard

Under Federal Rule of Civil Procedure 12(b)(1), the court should dismiss a complaint where the plaintiff has failed to establish the court's subject matter jurisdiction. *See Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997). In determining whether it has subject matter

jurisdiction, a court is not limited to the allegations of the complaint. *See White v. Lee*, 227

F.3d 1214, 1242 (9th Cir. 2001). Rather, the court is permitted to look beyond the complaint to

extrinsic evidence, and need not assume the truth of the complaint's allegations. *Id.*

**B.    The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claim
Because He Has Failed to Exhaust His Administrative Remedies**

Plaintiff's claim should be dismissed for lack of subject matter jurisdiction because

it arises under the Social Security Act, and plaintiff has failed to exhaust his administrative

remedies under the Act. Pursuant to the Act, the sole basis for the court's jurisdiction over a

suit seeking "to recover on any claim arising under" the Act is 42 U.S.C. section 405(g). *See* 42

U.S.C. § 405(h) ("no decision of the Commissioner of Social Security shall be reviewed by any

person, tribunal, or governmental agency except as herein provided. No action against the

United States, the Commissioner of Social Security, or any officer or employee thereof shall be

brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this

subchapter."); 42 U.S.C. § 1383(c)(3) (final determination of the Commissioner regarding

payment of SSI benefits subject to judicial review as provided in Section 405(g)). The Supreme

Court has interpreted the Act's "arising under" language to include any and all claims in which

"both the standing and the substantive basis for the presentation" of the claim is the Act, even if

those claims can be characterized as also arising under other federal statutes or the Constitution.

*See Weinberger v. Salfi*, 422 U.S. 749, 762 (1975) (holding section 405(h) bars federal question

jurisdiction of any claim arising under the Act except pursuant to section 405(g)); *Marin v.

HEW, Health Care Fin. Agency*, 769 F.2d 590 (9th Cir. 1985) (holding claim for damages from

negligent failure to process Medicare cost reports during the reimbursement process "arises

under" the Act and must be brought under Section 405(g)).

Plaintiff's claim "arises under" the Act. Plaintiff challenges underpayment of SSI

benefits in 2006 and 2007. Plaintiff has standing as a beneficiary under the Act, and the

substantive basis for his claim is his entitlement to SSI under the Act. Accordingly, Section

405(g) provides the exclusive means for judicial review of his claim.

Section 405(g) provides for judicial review of agency decisions regarding benefits only after the Commissioner has made a final decision on the plaintiff's claim. *See* 42 U.S.C. § 405(g). For the purposes of the Act, a "final decision" consists of two elements: (1) presentment of a claim to the Commissioner and (2) the complete exhaustion of administrative remedies. *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003); *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993). A "final decision" is rendered only after the claimant has pressed his claim through all designated levels of administrative review. *See* 20 C.F.R. § 404.900(a)(1)-(4); 20 C.F.R. § 416.1467-1483; *Ryan v. Bentsen*, 12 F.3d 245, 247 (D.C. Cir.1993). Under the Act's four-step administrative review process, an individual first receives an initial determination, and, if dissatisfied with this determination, may ask for reconsideration. *See* 20 C.F.R. §§ 416.1400, 416.1402(b) (initial determination includes determination of suspension, reduction, or termination of SSI benefits); 404.902(j) (initial determinations include, but are not limited to, determinations about overpayment or underpayment of benefits), 404.907. The claimant may then ask for a hearing before an administrative law judge ("ALJ"), and, if dissatisfied with that decision, may seek review by the Appeals Council. 20 C.F.R. §§ 416.1400, 404.913, 404.929, 404.930, 404.967. The claimant may seek judicial review of the final decision by filing an action in federal district court within 60 days after receiving notice of the Appeals Council decision. 20 C.F.R. §§ 404.981, 416.1400(a), 422.210. The presentment requirement is jurisdictional and cannot be waived. *Johnson*, 2 F.3d at 921.

Here, plaintiff has not exhausted the administrative review process. Although plaintiff alleges that he filed four "appeals" regarding the alleged underpayment of SSI benefits, SSA records show that plaintiff has not filed any administrative claim related to the four underpayments alleged in the instant complaint: January 2006, February 2006, April 2007, and May 2007. (Compl. ¶ 3; Stella Decl. ¶ 12). The four administrative "appeals" plaintiff has filed since January 2006 relate to disputed payments in 2003, 2004, 2005 and October 2007. (*See id.* ¶ 13). Even if plaintiff could demonstrate that he sought administrative review of the

underpayment claim he alleges in this lawsuit to the Commissioner through one of his four

appeals, plaintiff's cannot show that he has timely exhausted his administrative remedies with

respect to those appeals.  Plaintiff sought review past the reconsideration stage of the

administrative process in only one of his four appeals.  (*Id.* ¶ 13).  In that case, plaintiff sought

Appeals Council review of a finding by the Administrative Law Judge ("ALJ") that SSA did

not miss benefits payments to plaintiff in 2003 and 2004.  The Appeals Council decision

affirmed the ALJ's decision on May 25, 2006.  Plaintiff failed to timely file an appeal within

60-days of the decision. *See id.* ¶ 13; 20 C.F.R. §§ 404.981, 422.210.  Because plaintiff has not

exhausted his administrative remedies, the Court lacks subject matter jurisdiction over

plaintiff's complaint.

## C.  Plaintiff's Claim Does Not Merit Waiver of the Exhaustion Requirement

Even if plaintiff could show that he presented the underpayment claim alleged in his

complaint to the Commissioner through one of his four appeals, this case does not merit

judicial waiver of the Act's exhaustion requirement.  The Act's exhaustion requirement is

waiveable only if the plaintiff has satisfied a three-part test: the claim must be (1) collateral to a

substantive claim of entitlement; (2) colorable in its showing that refusal to the relief sought

will cause an injury which retroactive payments cannot remedy; and (3) one whose resolution

would not serve the purposes of exhaustion (futility). *Johnson*, 2 F.3d at 921. At the very least,

plaintiff's claim does not meet the first and third requirements of the three-part test for

assessing whether a waiver is appropriate.  Plaintiff's claim is simply a request for payment of

benefits. Consequently, Plaintiff's claims are insufficient to establish the first requirement of

collaterality. *Kildare*, 325 F.3d at 1083 (finding that plaintiffs' claims were not collateral

where "all that is alleged is a series of irregularities in [plaintiffs'] cases that is entirely

dependant on the [plaintiffs'] proceedings before the [] Defendants in making the initial

disability determination.").

Second, nothing in plaintiff's allegations suggests that resolution of his claims through the administrative process would be futile. Application of the futility requirement is guided by policies underlying the exhaustion requirement. *Bowen v. City of New York*, 476 U.S. 467, 484 (1986). Policies supporting the exhaustion requirement include permitting the Agency to gather a thorough factual record and apply expertise in administering its own regulations, correct administrative errors and conserve judicial resources. *Johnson*, 2 F.3d at 922. Here, there is no reason why exhaustion of administrative remedies regarding plaintiff's complaint of underpayment would have been futile. If there were any errors in SSA's assessment or investigation, such individual errors are correctable on appropriate administrative review on appeal. *See Kildare*, 325 F.3d at 1084 (futility requirement not satisfied where administrative review may fix alleged errors and purposes of exhaustion would not be served by waiver of exhaustion requirement). Accordingly, plaintiff has not and cannot establish facts that satisfy the requirements for waiver of the exhaustion requirement. Because he failed to exhaust, subject matter jurisdiction is lacking, and this Court should dismiss Plaintiff's complaint.

## C. The Court Does Not Have Mandamus Jurisdiction to Compel the Payments Plaintiff Seeks

Plaintiff cannot argue that the court has mandamus jurisdiction over his claim. Federal district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Kildare*, 325 F.3d at 1084 (citations omitted) (holding that the appellants did not meet the requirements for mandamus because they had not yet exhausted their administrative remedies).

1    Plaintiff's claim is neither clear nor certain because SSA is still developing the factual

2  record related to the allegedly missing payments. *See Kildare*, 325 F.3d at 1084.  Moreover,

3  plaintiff cannot meet the third requirement for mandamus relief because he has not yet

4  exhausted all his avenues for relief. *See Heckler v. Ringer*, 466 U.S. 602, 616-17 (1984).  Here,

5  plaintiff has an adequate remedy for any underpayment or error in the payment of his SSI

6  benefits in January 2006, February 2006, April 2007 and May 2007 through SSA's

7  administrative process.

8  **IV.    CONCLUSION**

9

10    Plaintiff's claims against defendant should be dismissed without leave to amend.

11  DATED: May 14, 2008                    Respectfully submitted,

12                                         JOSEPH P. RUSSONIELLO
                                           United States Attorney
13

14

15                                         JENNIFER S WANG
                                           Assistant United States Attorney

16

17

18

19

20

21

22

23

24

25

26

27

28