1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  JENNIFER S WANG (CSBN 233155)
   Assistant United States Attorney
4
       450 Golden Gate Avenue, Box 36055
5      San Francisco, California 94102-3495
       Telephone: (415) 436-6967
6      Facsimile: (415) 436-6748
       jennifer.s.wang@usdoj.gov
7
   Attorneys for Federal Defendant
8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                       SAN FRANCISCO DIVISION

12

13 MICHAEL A. LOGWOOD,            )   No. 08-2349 EMC
                                  )
14         Plaintiff,             )   **[PROPOSED] ORDER GRANTING**
                                  )   **DEFENDANT'S MOTION TO**
15     v.                         )   **DISMISS**
                                  )
16 PETER SPENCER,                 )   Date: July 16, 2008
                                  )   Time: 10:30 a.m.
17         Defendant.             )   Place: Courtroom C, 15th Floor
                                  )
18                                )
                                  )
19                                )
                                  )
20 _____  )

21

22     This action having come regularly on for hearing before the Court on the motion of

23 defendant to dismiss pursuant to F.R.C.P. 12(b)(1), and the respective parties having been

24 afforded an opportunity to be heard, the Court having considered the respective pleadings and

25 the arguments thereon, and the entire matter having been duly submitted after the Court was

26 fully advised thereon,

27

28
[PROPOSED] ORDER GRANTING DEF.'S MOT. TO DISMISS
C 08-2349 EMC

IT IS HEREBY ORDERED that the defendant's motion to dismiss is GRANTED based on the following reasons:

1. The Social Security Act ("the Act") provides the exclusive remedy for claimants who challenge underpayment of Social Security benefits. 42 U.S.C. §§ 405(g)-(h). Because plaintiff has filed to exhaust his administrative remedies under the Act, this Court lacks jurisdiction over his claim.

2. Plaintiff has failed to show that this case merits judicial waiver of the Act's exhaustion requirement. The Act's exhaustion requirement is waiveable only if the plaintiff has satisfied a three-part test: the claim must be (1) collateral to a substantive claim of entitlement; (2) colorable in its showing that refusal of the relief sought will cause an injury which retroactive payments cannot remedy; and (3) one whose resolution would not serve the purposes of exhaustion (futility). At the very least, plaintiff's claim does not meet the first and third requirements of the three-part test for assessing whether a waiver is appropriate. Plaintiff's claim is simply a request for payment of benefits. Consequently, Plaintiff's claims are insufficient to establish the first requirement of collaterality. Also, nothing in plaintiff's allegations suggests that resolution of his claims through the administrative process would be futile.

3. The court does not have mandamus jurisdiction over plaintiff's claim because plaintiff's claim is neither clear nor certain, and because plaintiff has not yet exhausted all his avenues for relief.

Dated: _____        _____
                                EDWARD M. CHEN
                                UNITED STATES MAGISTRATE JUDGE

[PROPOSED] ORDER GRANTING DEF.'S MOT. TO DISMISS
C 08-2349 EMC                         2