JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JENNIFER S WANG (CSBN 233155)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-6967
   Facsimile: (415) 436-6748
   jennifer.s.wang@usdoj.gov

Attorneys for Federal Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| MICHAEL A. LOGWOOD, | ) | No. 08-2349 PJH |
| | ) | |
| Plaintiff, | ) | **FEDERAL DEFENDANT'S REPLY IN** |
| | ) | **SUPPORT OF MOTION TO DISMISS** |
| v. | ) | |
| | ) | Date: July 30, 2008 |
| PETER SPENCER, | ) | Time: 9:00 a.m. |
| | ) | Place: Courtroom 3, 17th Floor |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## I.    INTRODUCTION

The Court should dismiss plaintiff's claims for payment of Supplement Security Income benefits ("SSI") because he has failed to exhaust mandatory administrative remedies that are a prerequisite for federal court jurisdiction.  Although plaintiff, in his opposition papers[1], provides copies of requests for reconsideration allegedly submitted to the Social Security Administration ("SSA"), plaintiff offers no evidence that a decision has been made regarding his requests, much less, that the Appeals Council has reviewed and rendered a final decision on his claims.  Accordingly, plaintiff has failed to meet his burden of establishing that this Court has jurisdiction over his SSI benefits claims.  Plaintiff is not entitled to mandamus because his benefits claims are neither clear nor certain, and he has not yet exhausted all his avenues for relief.  To the extent plaintiff attempts to bring a claim against Peter Spencer for his SSI benefits, his claim must be dismissed.  The proper defendant in a claim for SSI benefits is the Commissioner of Social Security (the "Commissioner"), Michael J. Astrue.

## II.  ARGUMENT

### A.  This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claim

#### 1.  Legal Standard for Federal Rule of Civil Procedure 12(b)(1) Motion

The Court must dismiss a claim over which it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1); *Hooker v. U.S. Dep't of Health & Human Servs.*, 858 F.2d 525, 530 (9th Cir. 1988).  In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court applies standards particular to the nature of the jurisdictional challenge.  If the challenge is a facial attack – one contesting jurisdiction solely on the allegations of the complaint – the factual allegations of the complaint are presumed to be true, and the motion is

---

[1] Plaintiff appears to have filed three sets of documents in opposition to defendant's motion to dismiss: (1) "Writ of [Motion] for Enforcement of Judgment;" ("Writ") (2) "Opposition - enforcement of judgment specific authorization to hearing & income;" ("Opposition") and (3) Notice 3rd Opposition of [Appellant], Notice of Evidence Conclusion to Enforce Judgment for Income Granted Enforced & Authorized Granted ("Notice of Opposition") (collectively, "opposition papers").

granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. *See Thornhill Pub. Co. v. Gen'l Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

If the motion is made, as it is here, as a "speaking motion," attacking the existence of subject matter jurisdiction "in fact," where a jurisdictional issue is separable from the merits of a case, the court may determine jurisdiction under Rule 12(b)(1). *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). The court may then consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary. *Thornhill Pub. Co.*, 594 F.2d at 733; *see also White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). The court need not assume the truth of the allegations in the complaint in deciding a Rule 12(b)(1) motion. *Americopters, LLC v. F.A.A.*, 441 F.3d 726, 732 n. 1 (9th Cir. 2006). The party seeking to invoke a federal court's jurisdiction has the burden of establishing that jurisdiction exists. *Thornhill Pub. Co.*, 594 F.2d at 733. Here, the issue of whether plaintiff can establish the Court's jurisdiction is separable from the merits of his claim.

## 2. Plaintiff Has Failed to Exhaust Administrative Remedies

Plaintiff has failed to exhaust mandatory administrative remedies that are a prerequisite for federal court jurisdiction under the Social Security Act (the "Act"). The Act provides the sole avenue for judicial review of plaintiff's claims. Title 42 U.S.C. § 405(h) emphasizes that for claims "arising under" the Act, the judicial review procedure of Section 405(g) of the Act is exclusive, stating in relevant part:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under Section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

*See also* 42 U.S.C. § 1383(c)(3) (applying Section 405(h) to claims for payment of SSI benefits); *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 9 (2000); *Weinberger v. Salfi*, 422 U.S. 749, 757 (1975). The Supreme Court has adopted an exceptionally broad interpretation of the term "arising under" in Section 405(h), and has repeatedly held that a claim

arises under the Act when the Act "provides both the standing and the substantive basis for the claim." *Salfi*, 422 U.S. at 760-61. Plaintiff's claim for SSI payments "arises under" the Act: SSA provides SSI benefits pursuant to 42 U.S.C. §§ 1381-1383f, subchapter XVI, of the Act. Pursuant to 42 U.S.C. § 1383(c)(3), the judicial review procedure of Section 405(h) applies to claims for SSI payments.

The Act authorizes judicial review only of a "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). The meaning of the term "final decision" is left to the Commissioner to define by regulation. *Salfi*, 422 U.S. at 766-67. Those regulations provide that a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision. 20 C.F.R.§ 416.1400.

Under the Act's implementing regulations, an individual claiming entitlement to benefits first receives an initial determination, and, if dissatisfied with this determination, may ask for reconsideration. *See* 20 C.F.R. §§ 416.1400, 416.1402(b) (initial determination includes determination of suspension, reduction, or termination of SSI benefits), 416.1407-22. The claimant may then ask for a hearing before an administrative law judge ("ALJ") from the Office of Hearing and Appeals ("OHA"), and, if dissatisfied with that decision, may seek review by the Appeals Council. 20 C.F.R. §§ 416.1400, 416.1429-43, 416.1467-1482. The claimant may seek judicial review of the final decision by filing an action in federal district court within 60 days after receiving notice of the Appeals Council decision. 20 C.F.R. §§ 416.1400(a), 416.1481.

Here, plaintiff claims entitlement to SSI payments for January 2006, February 2006, April 2007, and May 2007 (*see* Compl. ¶ 3), but has not obtained a final agency decision on these claims. Plaintiff has not completed the first step in the administrative review process on these claims.

On April 23, 2008, plaintiff complained to an SSA representative at SSA's Mission Office in San Francisco, California ("Mission Office") regarding various alleged underpayments, including alleged underpayments in January 2006 and February 2006.

(Declaration of Maria Stella In Support of Defendant's Motion to Dismiss ("Stella Decl.") ¶ 7). Pursuant to its regulations, the SSA may take administrative actions that are not considered initial determinations and actions that are not subject to judicial review. *See* 20 C.F.R. § 416.1403. The SSA took such an action on around July 9, 2008, sending plaintiff a letter stating that it had located checks evidencing the payments plaintiff alleges he failed to receive and noting that plaintiff has acknowledged that he endorsed those checks. (Supplemental Declaration of Maria Stella In Support of Defendant's Motion to Dismiss ("Supp. Stella Decl.") ¶ 7, Ex. C; *see also* Pl.'s Notice of Opposition at 12); *cf. see* 20 C.F.R. §§ 416.1402, 1404 (describing notice of initial determination). However, even if the July 9, 2008 notice could be considered an initial determination by the SSA in response to a request for administrative review by plaintiff, plaintiff has not filed a request for reconsideration or otherwise responded to the July 9, 2008 notice. (Supp. Stella Decl. ¶ 7).

SSA has no record of a request for administrative review regarding plaintiff's claim of underpayments from April 2007 or May 2007, much less an initial determination regarding such a claim. (*See* Stella Decl. ¶¶ 9, 13; Supp. Stella Decl. ¶¶ 5-6). Although the SSA received, a document styled "Request for Reconsideration," dated March 26, 2008 and referencing "April and May of 2007" and "Jan. & February of 2006" from plaintiff around late March 2008, the SSA could not make a determination on plaintiff's request.[2] (*See* Supp. Stella Decl. ¶ 6, Exs. A, B; Attachment to Pl.'s Writ at 9). Rather than issue a decision on plaintiff's request, on or about July 9, 2008, the SSA sent plaintiff a letter notifying him that it was dismissing the request on the ground that the document was not legible and the SSA could not determine the reason for plaintiff's request. (Supp. Stella Decl. ¶ 6, Ex. B); *cf.* 20 C.F.R. §§ 416.1420 (in deciding a request for reconsideration, the SSA reviews evidence considered in making the initial determination and any other evidence received); 416.1422 (a notice of

---

[2] Although SSA representative received the March 26, 2008 request for reconsideration around late March 2008, the request had not yet been processed, and had not yet been inputted into the SSA's records database at the time defendant filed his motion to dismiss. (Supp. Stella Decl. ¶ 6).

4

reconsidered determination states the specific reasons for the determination). Even if this July 9, 2008 letter could be considered a decision on plaintiff's request for consideration, plaintiff has not completed the administrative process. Plaintiff has no current administrative case pending before the OHA or Appeals Council. (Supp. Stella Decl. ¶ 8). Accordingly, plaintiff has not exhausted the administrative review process for his claims regarding his January 2006, February 2006, April 2007 and May 2007 SSI benefits payments.

In his opposition papers, plaintiff attaches multiple copies of four documents styled "Request for Reconsideration" and a March 11, 2008 letter addressed to the "Appeals Coordinator." (*See* Attachments to Pl.'s Writ at 1, 8, 9, 22, 27-28.)[3] However, plaintiff has submitted no evidence, and does not appear to allege that he has not yet received a decision on these requests for consideration, much less an administrative hearing or Appeals Council review of his claims. The dates of the requests for reconsideration and letter to the "Appeals Coordinator" attached to plaintiff's opposition – March 26, 2008, April 30, 2008, and March 11, 2008,[4] – respectively, indicates that the administrative processing of his claims is still ongoing and that plaintiff improperly seeks to simultaneously pursue district court and administrative review over his claims. Plaintiff's April 30, 2008, "request for reconsideration," post-dates his Complaint and references the instant lawsuit, further demonstrating that plaintiff failed to exhaust administrative review prior to filing his lawsuit. (*See* Attachment to Pl.'s Writ at 1).

### 3. Waiver of Exhaustion Requirement Is Not Merited

Plaintiff does not satisfy the requirements for waiver of the Act's exhaustion requirement. The Act's exhaustion requirement is waiveable only if the plaintiff has satisfied a

---

[3] The attachments to plaintiff's Writ are not numbered. In his citations to those attachments, defendant refers to his own numbering, with page one starting at the first document following plaintiff's handwritten "Writ."

[4] The SSA has no record of receipt of a March 11, 2008 request for Appeals Council or ALJ review from plaintiff or a April 30, 2008 request for reconsideration from plaintiff. (*See* Supp. Stella Decl. ¶¶ 5, 8).

three-part test: the claim must be (1) collateral to a substantive claim of entitlement (collaterality); (2) colorable in its showing that refusal to provide the relief sought will cause an injury which retroactive payments cannot remedy (irreparability); and (3) one whose resolution would not serve the purposes of exhaustion (futility). *Bowen v. City of New York*, 476 U.S. 467, 483-85 (1986); *Briggs v. Sullivan*, 886 F. 2d 1132, 1139 (9th Cir. 1989). The exhaustion doctrine serves several important interests. Exhaustion allows the agency to develop a factual record, apply its expertise in administering its own regulations, exercise its discretion, and correct its own mistakes. *See Johnson v. Shalala*, 2 F.3d 918, 922 (9th Cir. 1993). In addition, exhaustion permits more informed judicial review by the compilation of a detailed factual record and conserves judicial resources. *See id*.

At the very least, plaintiff's claim fails to satisfy the collaterality and futility requirements. Plaintiff's claim is plainly not collateral to a substantive claim of entitlement. He does not challenge any systemwide SSA policy. Rather, the only remedy plaintiff seeks is payment of his benefits. *See id*. at 921 ("A plaintiff's claim is collateral if it is not essentially a claim for benefits."). Plaintiff cannot satisfy the futility requirement because his claim for SSI payments can be further developed and considered by the ALJ and Appeals Council. The Supreme Court has held that policies underlying the exhaustion requirement should guide the decision whether to waive exhaustion. *Bowen*, 476 U.S. at 484; *id*. at 922. Here, most, if not all, of the interests served by the exhaustion doctrine would be served by adhering to the administrative process to resolve plaintiff's claims. As part of the administrative processing of plaintiff's allegations regarding his January and February 2006 payments, SSA has compiled factual information, in the form of cancelled checks regarding the disputed SSI payments. (*See* Supp. Stella Decl. ¶ 7). Moreover, the administrative process would permit the agency to correct any mistakes made in the payment of plaintiff's benefits, or at the very least, lead to a narrowing of the disputed payments for judicial review. Thus, plaintiff's claim is not one to which the waiver doctrine was intended to apply. Because plaintiff has failed to exhaust his administrative remedies, the Complaint should be dismissed.

## B.  Plaintiff Has Failed to State a Mandamus Claim

Although, plaintiff appears to allege jurisdiction under the mandamus statute, 28 U.S.C.

§ 1361, *see* Pl's Writ, he does not seek to compel a clear, nondiscretionary agency action.  The

Ninth Circuit has described the standard for mandamus as follows:

> [m]andamus is an extraordinary remedy and is available to compel a federal
> officer to perform a duty only if: (1) the individual's claim is clear and certain;
> (2) the official's duty is nondiscretionary, ministerial and so plainly prescribed
> as to be free from doubt; and (3) no other adequate remedy is available.

*Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003) (citations and internal quotation marks

omitted).  Although plaintiff asserts that he seeks enforcement of an order regarding whether

SSA has failed to pay plaintiff SSI benefits for the months at issue in this lawsuit, he does not

identify what order he references.  (*See* Pl.'s Writ (typed portion) at 1).  As discussed above,

administrative review related to plaintiff's claims is ongoing and his claims remain unresolved.

Moreover, plaintiff has failed to clear the third hurdle required for mandamus because he has

not exhausted his administrative remedies.  *See Kildare*, 325 F.3d at 1084-85 (holding that the

plaintiff had an adequate alternative remedy because administrative review could correct the

individual remedies alleged).

## C.  Plaintiff's Claims Against Peter Spencer Should Be Dismissed[5]

Plaintiff's claims against Peter Spencer should be dismissed.  A court should grant

dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) where there is either a "lack of a

---

[5]  Plaintiff appears to name Tiffany Chai, Operation Supervisor at the SSA's Mission Office, as a defendant in his opposition papers.  However, plaintiff's allegations concerning Ms. Chai are unclear.  Plaintiff's Complaint does not name Ms. Chai or allege claims against her.  To the extent plaintiff seeks leave to add Ms. Chai as a defendant pursuant to Federal Rule of Civil Procedure 15(a), plaintiff's request should be denied.  In his opposition papers, plaintiff appears to allege negligence in Ms. Chai's processing of his SSI payments.  (*See* Pl.'s Notice of Opposition at 2).  However, absent a waiver, sovereign immunity shields the federal government, its agencies, and federal employees acting in their official capacity from suit.  *FDIC v. Meyer*, 510 U.S. 471, 475 (1992); *Sierra Club v. Whitman*, 268 F.3d 898, 901 (9th Cir. 2001).  The FTCA provides a limited waiver of sovereign immunity, and permits civil actions against the United States for torts allegedly committed by federal employees.  *See* 28 U.S.C. §§ 1346(b)(1), 2675(a).  The United States is the only proper defendant in an action under the FTCA.  *See* 28 U.S.C. § 2679.

cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F. 2d 696, 699 (9th Cir. 1990). Here, plaintiff cannot state a claim for denial or underpayment of SSI benefits against Mr. Spencer. The proper defendant in an action regarding denial or underpayment of SSI benefits is the Commissioner of Social Security. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Butler v. Apfel*, 144 F.3d 622, 624 (9th Cir. 1998).

Plaintiff's claims against Mr. Spencer are unclear. However, to the extent plaintiff alleges a negligence claim against Mr. Spencer related to the processing of his SSI benefits payments that claim must be dismissed. (*See* Pl.'s Writ (typed portion) at 2; Logwood Decl. (Attachment to Compl.)). The only possible jurisdictional basis for plaintiff's tort claim is the FTCA, which permits civil actions against the United States for certain torts allegedly committed by federal employees that would be torts under the law of the forum state. *See* 28 U.S.C. § 1346(b)(1). A district court has no subject matter jurisdiction over an FTCA claim unless the plaintiff has first presented a claim to the appropriate agency, and either (1) the claim was "finally denied" in writing, or (2) six months have passed since the claim was submitted. 28 U.S.C. § 2675(a). The claim requirement is jurisdictional in nature and cannot be waived. *McNeil v. United States*, 508 U.S. 106, 11-12 (1993); *Burns v. United States*, 764 F.2d 722, 723 (9th Cir. 1985). Here, plaintiff does not allege that he filed an administrative claim regarding any tort claim. Moreover, the United States is the only proper defendant in an action under the FTCA. *See* 28 U.S.C. § 2679; *Woods v. United States*, 720 F.2d 1451, 1452 n. 1 (9th Cir. 1983).

Also, to the extent plaintiff alleges a *Bivens* action against Mr. Spencer for violation of any constitutional right based on his failure to receive SSI benefits, that claim must be dismissed. (*See* Pl.'s Writ (handwritten portion) at 1-2); *see Schweiker v. Chiliky*, 487 U.S. 412, 423-24 (1987) (holding that the Act precludes *Bivens* remedy for alleged due process violations made in connection with the handing of an SSA benefits claim).

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IV.    **CONCLUSION**

Plaintiff's Complaint should be dismissed without leave to amend.


DATED: July 16, 2008                                        Respectfully submitted,
                                                            JOSEPH P. RUSSONIELLO
                                                            United States Attorney

                                                            _____
                                                                    /s/
                                                            JENNIFER S WANG
                                                            Assistant United States Attorney