UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL A. LOGWOOD,

    Plaintiff,

    v.

PETER SPENCER,

    Defendant.

_____/

No. C 08-2349 PJH

**ORDER GRANTING MOTION TO DISMISS**

Defendant's motion to dismiss the above-entitled action came on for hearing before this court on July 30, 2008. Plaintiff did not appear, and defendant appeared by his counsel Jennifer Wang. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion.

**BACKGROUND**

Pro se plaintiff Michael Anthony Logwood filed this action in the Small Claims Division of the San Francisco Superior Court, on April 7, 2008, against defendant Peter Spencer, Regional Commissioner for Region IX of the Social Security Administration ("SSA"). Defendant removed the action on May 7, 2008, and now seeks an order dismissing the action for lack of subject matter jurisdiction.

Defendant's motion is supported by declarations from Maria Stella, the District

Manager of the SSA's Mission District Office ("the Office") in San Francisco. Ms. Stella supervises all the official operations and procedures in the Office, and is responsible for the administration of all aspects of Social Security programs, including the Supplemental Security Income ("SSI") program, for the Office.

According to Ms. Stella, plaintiff has been receiving SSI benefits intermittently since 1998. His benefits were suspended several times between October 1988 and March 1997 because he was confined to public institutions. In March 1997, he reapplied for SSI benefits, and his application was approved. He has been receiving benefits continuously since around March 1997, and currently receives approximately $954 per month.

Plaintiff appears to be alleging in this action that the SSA failed to make four SSI payments to him (a total of $3600) – in January 2006, February 2006, April 2007, and May 2007 – and that he "filed 4 appeals" in writing. That much is legible on the complaint. Ms. Stella asserts that SSA's computerized records indicate that plaintiff was paid the amounts owed to him for January 2006, February 2006, April 2007, and May 2007.

According to Ms. Stella, on April 23, 2008 (three weeks after he filed the present action in Small Claims Court), plaintiff came into the Office and claimed that he had not received his SSI checks for January 2005, January 2006, February 2006, March 2006, January 2007, and February 2007. (Only the January 2006 and February 2006 checks are at issue in this action.) The SSA staff told plaintiff they would have to research whether the six checks were paid. On April 24, 2008, the Office requested copies of the six allegedly missing checks from the Department of the Treasury.

On May 14, 2008, plaintiff came into the Office and reviewed copies of these six checks, and acknowledged that he had endorsed each of the checks. On July 9, 2008, Ms. Stella sent plaintiff a letter confirming that plaintiff had reviewed the copies of the checks on May 14, 2008.

According to Ms. Stella, prior to filing this lawsuit, plaintiff did not advise SSA of this claim that the checks for April 2007 and May 2007 were missing. On May 9, 2008, after learning of the allegations of plaintiff's lawsuit, Ms. Stella requested photocopies of the SSI

2

checks issued to plaintiff for the months of April 2007 and May 2007. She does not indicate whether SSA has received those photocopies yet.

Ms. Stella asserts that SSA's records reflect that on April 16, 2007, plaintiff personally requested that SSA issue an immediate emergency payment of his May 2007 SSI benefits. The Office approved the request, and issued the check directly to plaintiff in the Office. SSA's records indicate that the check was cashed. SSA's database does not contain a photocopy of the May 2007 check because it was handed to plaintiff in person on April 16, 2007.

According to Ms. Stella, since January 2006, plaintiff has requested administrative review five times, although none of the requests relate to the allegedly missing checks at issue in this case.

First, on March 8, 2006, plaintiff filed for reconsideration of an initial determination by the Commissioner that plaintiff had received double his October 2005 benefits by claiming to have lost the original check, then subsequently cashing both the original check and the replacement check. The request was dismissed on the same date, and plaintiff did not seek further review.

Second, on March 30, 2006, plaintiff requested that the Appeals Council review a determination by an SSA Administrative Law Judge ("ALJ") that SSA had not missed benefit payments to him in 2003 and 2004. The Appeals Council affirmed the ALJ on May 25, 2006, and plaintiff did not seek judicial review.

Third, on November 22, 2006, plaintiff filed a request for reconsideration to contest a recoupment of overpayment that he received in 2004. On January 2004, plaintiff's claim was denied as untimely as it was filed more than 60 days from the date of the original overpayment decision. He sought no further administrative review.

Fourth, on February 23, 2008, plaintiff filed a request for reconsideration of an initial determination regarding overpayment of his October 2007 benefits. However, SSA had waived recoupment of the October 2007 overpayment on January 14, 2008. SSA dismissed the reconsideration request on April 23, 2008. Plaintiff did not pursue further

3

administrative review.

Fifth, on March 26, 2008, plaintiff filed a request for reconsideration.  On July 9, 2008, the request was dismissed as illegible, and because SSA could not ascertain the basis for the request.  SSA advised plaintiff that he needed to come into any SSA Office if he had questions, but as of July 16, 2008, plaintiff had not responded.

## DISCUSSION

A.    Legal Standards

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of demonstrating that subject matter jurisdiction exists over the complaint. See, e.g., Tosco Corp. v. Communities for a Better Env't, 236 F.3d 495, 499 (9th Cir. 2001); see also Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Subject matter jurisdiction is fundamental and cannot be waived. Billingsly v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989). The court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction. Id.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). All allegations of material fact are taken as true. Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). However, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).  A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. See id. at 1966-67.

B.    Defendant's Motion

Defendant argues that the complaint must be dismissed for lack of subject matter jurisdiction, because plaintiff has failed to exhaust his administrative remedies under the Social Security Act.  Pursuant to the Social Security Act, the sole basis for the court's jurisdiction over a suit seeking to "recover on any claim arising under" the Act is 42 U.S.C.

4

§ 405(g).  See Weinberger v. Salfi, 422 U.S. 749, 762 (1975) (§ 405(h) bars federal question jurisdiction of any claim arising under the Act except pursuant to § 405(g)).

Section 405(g) requires an SSI claimant to obtain a final judgment from the Commissioner of Social Security before seeking judicial review of the denial of a claim.  42 U.S.C. § 405(g).  A "final decision" consists of two elements – the presentment of the claim to the Commissioner, and the complete exhaustion of administrative remedies.  Kildare v. Saenz, 325 F.3d 1078, 1082 (9th Cir. 2003).  A "final decision" is rendered only after the claimant has pressed his claim through all designated levels of administrative review.  20 C.F.R. §§ 404.900(a)(1)-(4), 416.1467-1483.

Under the Social Security Act's four-step administrative review process, the claimant first receives an initial determination, and if dissatisfied, may ask for reconsideration.  Id. §§ 416.1400, 416.1402(b) (determination of suspension, reduction, or termination of benefits); 404.902(j) (determinations about overpayment or underpayment of benefits).  The claimant may then ask for a hearing before an ALJ, and, if dissatisfied with that decision, may seek review by the Appeals Council.  Id. §§ 416.1400, 404.913, 404.929, 404.930, 404.967.  The claimant may seek judicial review of the final decision by filing an action in federal district court within 60 days after receiving notice of the Appeals Council decision.  Id. §§ 404.981, 416.1400(a), 422.210.

Here, defendant asserts, plaintiff has not exhausted the administrative review process.  Defendant contends that although plaintiff claims to have filed four "appeals" regarding the four allegedly missed payments, SSA records show that plaintiff did not file any administrative claim relating to the four underpayments alleged in the complaint – the checks for January 2006, February 2006, April 2007, and May 2007.

As described above, Ms. Stella asserts that the four "appeals" that plaintiff has filed since January 2006 relate to disputed payments in 2003, 2004, 2005, and October 2007, and that plaintiff sought review past the reconsideration stage of the administrative process in only one of those four "appeals."  In that case, plaintiff sought Appeals Council review of a finding of the ALJ that SSA did not miss benefits payments to plaintiff in 2003 and 2004.

1   The Appeals Council affirmed the ALJ on May 25, 2006, and plaintiff did not seek judicial
2   review within 60 days of that decision.

3   Defendant also argues that plaintiff's claim does not merit waiver of the exhaustion
4   requirement.  The exhaustion requirement is waivable only if the plaintiff can show that the
5   claim is "(1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its
6   showing that denial of relief will cause irreparable harm (irreparability), and (3) one whose
7   resolution would not serve the purposes of exhaustion (futility)."  Johnson v. Shalala, 2 F.3d
8   918, 921 (9th Cir. 1993).

9   Defendant asserts that, at a minimum, plaintiff's claim fails to satisfy the collaterality
10  and futility requirements.  Defendant notes that the only remedy plaintiff seeks is payment
11  of his benefits, and argues that his claim is therefore not collateral to a substantive claim of
12  entitlement.  Defendant also asserts that plaintiff cannot satisfy the futility requirement
13  because his claim for SSI payments can be further developed by the ALJ and the Appeals
14  Counsel.

15  Defendant's final argument is that defendant Peter Spencer should be dismissed
16  because, as the Regional Commissioner of Social Security, he is not the proper defendant
17  in an action challenging underpayment of benefits.  The proper defendant in such a case is
18  the Commissioner of Social Security.

19  The court finds that the motion must be granted.  As stated above, under 42 U.S.C.
20  § 405(g), a claimant must obtain a "final decision" from the Commissioner before filing a
21  civil action.  A "final decision" consists of presentment of the claim and exhaustion of
22  administrative remedies.  In Johnson v. Shalala, the Ninth Circuit stated that the
23  presentment requirement is jurisdictional and cannot be waived, and that the exhaustion
24  requirement is not jurisdictional, and is therefore waivable by either the Commissioner or
25  the courts.  Id. 2 F.3d at 921.

26  Thus, while the court lacks jurisdiction over any claim that has not been presented to
27  the Commissioner, the court can consider whether the requirements for administrative
28  exhaustion (the four-step process described above) should be waived or whether the time-

limits should be equitably tolled. Thus, the claim of failure to exhaust (as opposed to failure of presentment claims) must be considered under Rule 12(b)(6), not Rule 12(b)(1).

Here, however, defendant argues that the complaint should be dismissed for lack of subject matter jurisdiction for failure to exhaust administrative remedies. To the extent that plaintiff never presented the claim regarding the four checks to the Commissioner, the court does lack subject matter jurisdiction. According to Ms. Stella, SSA records show that plaintiff did not submit an administrative claim regarding the four allegedly missing checks (checks for January 2006, February 2006, April 2007, and May 2007) prior to filing the present action. Plaintiff does not dispute Ms. Stella's account in his opposition. Since subject matter jurisdiction must exist as of the time the complaint is filed, the motion can be GRANTED on that basis alone.

In addition, SSA records show that plaintiff failed to exhaust administrative remedies as to the four checks he claims he did not receive. In his opposition, plaintiff makes no showing of any reason that the requirements should be waived or the time limitations tolled as to him. Thus, the motion to dismiss for failure to state a claim can also be GRANTED.

## CONCLUSION

In accordance with the foregoing, defendant's motion is GRANTED, and the action is DISMISSED.

**IT IS SO ORDERED.**

Dated: July 30, 2008

PHYLLIS J. HAMILTON
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MICHAEL A. LOGWOOD,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PETER SPENCER et al,<br><br>　　　　　Defendant. | Case Number: CV08-02349 PJH<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 30, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Anthony Logwood
General Delivery
101 Hyde Street
San Francisco, CA 94102

Dated: July 30, 2008

　　　　　　　　　　　　　　　　Richard W. Wieking, Clerk
　　　　　　　　　　　　　　　　By: Nichole Heuerman, Deputy Clerk